IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40638
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELIAS LEE PEREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CR-97-ALL
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Elias Lee Perez appeals the sentence imposed following his
guilty-plea conviction for distributing less than five grams of
crack cocaine.  Perez argues that the district court clearly
erred in its inclusion of 41.0 grams of crack cocaine in his
relevant conduct.  Perez contends that the district court's
determination that he was responsible for this amount was
improper because it stemmed from multiple hearsay from a
questionable source, namely one Charles Larkin.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

This court reviews a district court's factual findings concerning the quantity of drugs implicated by the crime for clear error. United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996). In making its sentencing decisions, a "district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." Id. (internal quotation and citations omitted). "Even uncorroborated hearsay evidence may be sufficiently reliable." United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996). "The defendant bears the burden of demonstrating that information the district court relied on in sentencing is 'materially untrue.'" Davis, 76 F.3d at 84 (internal quotation and citation omitted).

Perez's arguments on appeal lack merit. The district court considered the testimony of an FBI agent who interviewed Larkin regarding his drug purchases from Perez, as well as Perez's testimony. The FBI agent vouched for Larkin's demonstrated reliability as an informant. See United States v. Young, 981 F.2d 180, 185 (5th Cir. 1992). The information provided by Larkin, although hearsay, was partially corroborated by independent investigation and bore sufficient indicia of reliability. See id. at 185-86.

In making its determination, the district court implicitly found Perez's testimony that he never sold drugs to Larkin to be less than credible. This court must give due regard to the district court's opportunity to judge the credibility of

witnesses.  <u>United States v. McAfee</u>, 8 F.3d 1010, 1018 (5th Cir. 1993).

As Perez has not shown clear error, we AFFIRM.